UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
                                            )
SAMUEL E. GRIFFITH,                         )
Individually and on Behalf of all Others Similarly Situated, )
         Plaintiffs                         )
                                            )
                                            )
         v.                                 )  Civ.Act.No. 14-12058-TSH
                                            )
JAMES M. MERRILL, CARLOS N. WANZELER,       )
STEVEN M. LABRIOLA, JOSEPH H. CRAFT,        )
SANDERLY RODRIGUES DE VASCONCELOS,          )
SANTIAGO DE LA ROSA, RANDY N. CROSBY,       )
FAITH R. SLOAN, and JOHN DOES 1-100         )
         Defendants.                        )
_____ )

_____
                                            )
IN RE: TELEXFREE SECURITIES                 )
LITIGATION                                  )
                                            )
                                            )
This Document Relates To:                   )  MDL No. 4:14-md-2566-TSH
                                            )
14-10258-TSH                                )
                                            )
                                            )
                                            )
_____ )

### ORDER OF DISMISSAL AS TO CERTAIN DEFENDANTS
March 10, 2016

**Hillman, D.J.**

### Background

This Court is presently overseeing the TelexFree Securities Litigation, Civ. Act. No. 14-2566-TSH ("TelexFree MDL"), which was assigned to it by the Multidistrict Litigation pursuant

to its order of October 21, 2014.  On December 15, 2014, upon motion of the Plaintiff, Samuel E. Gritffith ("Griffith" or "Plaintiff"), this case was transferred to me and became part of the TelexFree MDL.

On May 8, 2014, Griffith filed this action for violation of  Section 12(a)(1) of the Securities Act, 15 U.S.C. § 771(a)(1) against James M. Merrill, Carlos N. Wanzeler, Steven M. Labriola, Joseph H. Craft, Sanderly Rodrigues De Vasconcelos, Santiago De La Rosa, Randy N. Crosby, Faith R. Sloan, And John Does 1-100 (Docket No. 1).  Summons were issued to the Plaintiff on that same date. *See* Docket Entry No. 3.  On August 18, 2014, defendant, Joseph H. Craft ("Craft"), filed his answer (Docket No. 5).  On October 27, 2015, Plaintiff filed an Amended Class Action Complain (Docket No.18); on November 11, 2015, that pleading was stricken because Plaintiff did not seek prior leave of court or obtain the consent of the opposing party. *See* Fed.R.Civ.P. 15 (party may amend complaint once as a matter of course within 21 days of service, or if pleading is one to which responsive pleading had been filed, within 21 days after service of responsive pleading or motion under 12(b), (e) or (f); in all other cases, pleading may be amended only with other party's consent or leave of court).  Also on November 10, 2015, the Court ordered the Plaintiff to provide the Court with proof of service as to the original complaint, as required by the Court's rules.  *See* Docket Entry No. 19.

On February 10, 2016, this Court notified the Plaintiff that "no return to the Court of proof of service of the summons and complaint, as required" by the Court's rules had been filed and Plaintiff was notified that if he did not file proof of service within 21 days, the action was subject to dismissal. *See* Docket No. 21.  On that same date, Plaintiff filed a Waiver of the Service of Summons signed by Craft. Plaintiff has not filed proof of service as to any other named defendant and Craft is the only defendant to have filed an answer.

**Discussion**

The Federal Rules of Civil Procedure provide that "[u]nless service is waived, proof of service *must* be made to the court." Fed.R.Civ.P. 4(l)(emphasis added).  Furthermore, "[i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff— *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m)(emphasis added)[1].  The Court has twice instructed Plaintiff that he must file proof of service of the original complaint.  On February 10, 2016, the Court informed Plaintiff that failure to file proof of service could result in dismissal without prejudice.  To date, Plaintiff has not filed proof of service with respect to the following named defendants: James M. Merrill, Carlos N. Wanzeler, Steven M. Labriola, Sanderly Rodrigues De Vasconcelos, Santiago De La Rosa, Randy N. Crosby, and Faith R. Sloan. Furthermore, Plaintiff has made no attempt to show good cause for failure to have effected service within 120 days of filing the complaint. Consequently, those defendants shall be dismissed without prejudice.

**Conclusion**

The following defendants as to whom the plaintiff has not filed proof of service are hereby dismissed without prejudice: James M. Merrill, Carlos N. Wanzeler, Steven M. Labriola, Sanderly Rodrigues De Vasconcelos, Santiago De La Rosa, Randy N. Crosby, and Faith R. Sloan.

**So Ordered.**

                                           /s/  Timothy S. Hillman_____
                                           **Timothy S. Hillman**
                                           **United States District Judge**

---

[1] On December 1, 2015, the Rule 4(m) was amended to provide that service must be made within 90 days; for purposes of this case, we operate under the previous version of the rule.